# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JUSTIN SERFASS, | : | |
| | : | |
| Plaintiff, | : | CIVIL ACTION |
| v. | : | No. 19-806 |
| | : | |
| MAYRA OLIVERAS-SMITH, | : | |
| | : | |
| Defendant. | : | |

**MCHUGH, J.**                                                                            **JULY 22, 2019**

## MEMORANDUM

This is a *pro se* state court action commenced by the filing of a Praecipe for a Writ of Summons. After filing the action, Plaintiff served pre-complaint discovery on Defendant and served a subpoena on the Social Security Administration seeking Defendant's employment records. The United States has assumed the defense and removed the case to this Court under the federal officer removal statute, 28 U.S.C. § 1442, alleging that the Defendant is a federal employee. Plaintiff now moves to remand.

Plaintiff is correct that a state court summons in the absence of a complaint does not provide a basis for removal. Consequently, this action is not removable in its entirety. But the Government is equally correct that § 1442 (d)(1) defines "civil action" broadly, and this allows removal of discrete portions of state court proceedings that involve the issuance of subpoenas or court orders to obtain discovery in a case against a federal officer. I will therefore keep jurisdiction over the enforceability of Plaintiff's subpoena and discovery requests, but otherwise remand because removal of the principal case was premature.

Plaintiff Justin Serfass initiated this action on January 11, 2019 by filing a Praecipe for a Writ of Summons against Defendant Mayra Oliveras-Smith in the Court of Common Pleas of Northampton County. On February 4, 2019, Plaintiff served Defendant with pre-complaint interrogatories. The interrogatories seek information about her employment relationship with Mr. Serfass, including whether she had taken any adverse employment actions against Plaintiff, and inquire about her awareness of several federal statutes. On February 25, 2019, Defendant received a notice of intent to serve a subpoena upon the Social Security Administration (SSA) seeking her employment records. Given the nature of these discovery requests, one can infer that this is an action involving Plaintiff's employment with the Social Security Administration. On February 25, 2019, the United States Attorney removed the action to this Court pursuant to the federal officer removal statute, 28 U.S.C. § 1442. When Plaintiff failed to pursue the matter after removal, he was ordered to show cause why the case should not be dismissed for lack of prosecution. He responded two days later with this motion to remand.

As courts of limited jurisdiction, federal courts are required to scrutinize removal. Removal and remand are generally governed by 28 U.S.C. §§ 1441, 1446, and 1447. These statutes are strictly construed against removal with all doubts resolved in favor of remand. *See Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987). "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). The burden of proving proper removal falls on the defendant, in this case the Government. *Sikirica v. Nationwide Ins. Co.*, 416 F.3d 214, 219 (3d Cir. 2005).

In addition to the general provisions governing removal, a separate provision pertains to cases involving the federal government and its employees. 28 U.S.C. § 1442(a)(1) allows any

civil action to be removed to federal district court when any federal officer or person acting under that officer, is sued in an official or individual capacity, in relation to any act under the color of such office. Of particular relevance here is § 1442(d)(1):

> The terms "civil action" and "criminal prosecution" include any proceeding (whether or not ancillary to another proceeding) to the extent that in such proceeding a judicial order, including a subpoena for testimony or documents, is sought or issued. If removal is sought for a proceeding described in the previous sentence, and there is no other basis for removal, only that proceeding may be removed to the district court.

28 U.S.C. § 1442(d)(1). "Unlike the general removal statute, the federal officer removal statute is to be "broadly construed" in favor of a federal forum." *In re Commonwealth's Motion to Appoint Counsel Against or Directed to Def. Ass'n of Phila.*, 790 F.3d 457, 466–67 (3d Cir. 2015), as amended (June 16, 2015).

The Government contends that Plaintiff's discovery requests suffice to render the action generally removable. I disagree. In *Murphy Bros. v. Michetti Pipe Stringing, Inc.*, the Supreme Court held that "a named defendant's time to remove is triggered by simultaneous service of the summons and complaint, or receipt of the complaint, 'through service or otherwise,' after and apart from service of the summons, but not by mere receipt of the complaint unattended by any formal service." 526 U.S. 344, 347-48 (1999) (citing 28 U.S.C. § 1446(b)). In *Sikirica v. Nationwide Ins. Co.*, the Third Circuit relied on *Murphy Bros.* to hold that "a writ of summons alone can no longer be the 'initial pleading' . . . under the first paragraph of 28 U.S.C. § 1446(b)." 416 F.3d 214, 223 (3d Cir. 2005).

*Sikirica* establishes a clear test. It "has been interpreted in this District to mean that removal is not proper until a complaint has been served on the defendants." *In re Avandia Mktg., Sales Practices & Prod. Liab. Litig.*, 941 F. Supp. 2d 568, 571 (E.D. Pa. 2013) (Rufe, J.)

(citation and internal quotation omitted); *accord In re Diet Drugs Prod. Liab. Litig.*, 2012 WL 4757693, at *3 (E.D. Pa. Oct. 5, 2012) (Bartle, J.) ("Our Court of Appeals in *Sikirica* . . . has adopted a bright line rule consistent with its reading of the Supreme Court's opinion in *Murphy Brothers*. In sum, it is necessary that before removal takes place the complaint at the very least must have been filed.").

I find *In re Avandia* particularly instructive as it considered an analogous factual situation. There, a state-court writ of summons was filed with accompanying pre-complaint interrogatories, which defendants argued provided sufficient notice that plaintiff's claims would fall exclusively within federal jurisdiction under ERISA. 941 F. Supp. 2d at 570. Although the court appreciated that once complaints were filed the actions would almost certainly be removable, under the test established by *Sikirica* it could not presume the existence of jurisdiction. *Id.* at 571 (citing *In re Diet Drugs*, 2012 WL 4757693, at *3). It therefore concluded that the notice of removal was too early under § 1446(b)(1) because "[t]he complaint is the operative document for removal." *Id.*

Similarly, in this case, the content of Plaintiff's discovery requests and subpoena strongly suggest that this action will ultimately be subject to removal. But bright line tests prioritize clarity over efficiency, and under *Sikirica* the basis upon which a district court asserts jurisdiction must be explicit rather than implicit.

That does not end the inquiry. Although I reject the Government's position that Plaintiff's discovery requests may be used as interpretive aids to divine the nature of his claim, the statute is clear that such requests are themselves separately subject to federal jurisdiction. As set forth above, under §1442(d)(1), a subpoena or request for a court order requiring production of witnesses or documents qualifies as a "civil action." Plaintiff's subpoena falls within the

literal terms of the statute.  As to Plaintiff's interrogatories, such discovery requests are not self-executing, and to compel answers Plaintiff will necessarily require a "judicial order" from the state court.  As the Supreme Court held in the related context of a federal statute that authorized removal of state criminal prosecutions of federal officials, the goal of Congress is to "maintain the supremacy of the laws of the United States by safeguarding officers and others acting under federal authority against peril of punishment for violation of state law."  *Colorado v. Symes*, 286 U.S. 510, 517 (1932).  I will therefore maintain jurisdiction over both the enforceability of the subpoena and the pending interrogatories.

There is, however, no independent basis on the record before me for removal of Plaintiff's claim in its entirety.  Under such circumstances, the second sentence of §1442(d)(1) makes clear that a federal court may not retain jurisdiction over the entire case.

The principal case will be remanded to the Northampton County Court of Common Pleas, but any motion by Plaintiff to enforce his subpoena or compel answers to interrogatories must be brought through this civil action in this Court.  An appropriate order follows.


       /s/ Gerald Austin McHugh
       United States District Judge